**Harwood ROBERTS, Appellant,**

v.

**Elizabeth ROBERTS, et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 26, 1971.

Marion Rider, Frankfort, for appellant.

Walter B. Smith, Joseph A. Biagi, Shelbyville, for appellees.

REED, Judge.

In this divorce action, the husband's appeal seeks to have us upset the division of property between the parties which the trial court directed and to find the alimony awarded to the wife excessive and to hold that the amount of the fee allowed to the wife's attorney, adjudged against the husband, was unreasonable. The husband concedes that the wife was properly granted a divorce and that she is entitled to alimony. We affirm the judgment as modified herein.

Harwood Roberts, the appellant, and Elizabeth Roberts, the appellee, were married in 1940. Their marriage lasted for 25 years. They finally separated in 1965. Three children were born as the result of the marriage; the eldest child died in 1952; at the time of the final separation, one of the surviving children, both boys, was 20 years old and the other was 13 years old.

The trial judge found that both parties to the marriage started with nothing and due to their joint efforts accumulated the property which is the subject of the dispute. Our review of the evidence satisfies us that both the husband and the wife worked in outside employment and as farm tenants until July 1962, when they had accumulated sufficient savings to invest in a one-acre tract of land in Shelby County on which was located an apartment, in which they made their home, and a country grocery store, which they owned and operated together. Both were active in the management and operation of the store.

The trial court declared that this Shelby County store property was equally owned by the husband and the wife; each was adjudged to be the owner of an undivided one-half interest therein. Appellant's attack on this finding is based chiefly on appellee's inability to trace her separate earnings into the purchase price of the property. We rejected that approach in Colley v. Colley, Ky., 460 S.W.2d 821 (decided November 27, 1970). The trial judge found from the evidence (and in this aspect it is substantially uncontradicted) that the wife was, in addition to homemaker and mother, an active business partner with her husband. She was the sole, responsible operator of the store for four years after the husband left the state in late 1965. Under the facts demonstrated, which will be more fully developed in later discussion, we cannot say that the trial court's division of the property acquired by the joint efforts, skill, and management contributed by the marital partners is so unjust or unreasonable that it can be characterized as arbitrary or inequitable. Thus, the appellant's assertion that the Shelby County property division is erroneous cannot prevail.

Since we have disposed of the division of property issue and now turn to the next argument advanced by appellant which is that the alimony awarded is excessive, we must return to the factual picture presented in closer detail. Again, the overwhelming weight of the evidence supports the basic conclusions of the trial judge.

In the early part of 1965, Mr. Roberts fell in love with another woman—Geneva Tindall. In June 1965, he and Mrs. Tindall left the state on a brief escapade; he spent the night with her in an out-of-state motel; the next day he paid $150 for a taxi to bring her back to her home in Shelby County; he went on to Florida. In a few days his wife and sons persuaded him to return home. The reconciliation attempt failed. In November 1965, Mr. Rob-

erts and Mrs. Tindall abruptly left home and family and departed for Florida where they established a new life style for themselves. They acquired property and a grocery store business in Florida; they held themselves out generally as man and wife.

When appellant and his inamorata departed in November 1965, Mrs. Roberts was left to support herself and with the responsibility to clothe, feed, and educate her 13-year-old son and to assist her 20-year-old son who was in college. The small country store which she and her husband had operated together became her sole responsibility and sole source of a living for herself and her minor child. A mortgage debt of about $11,000 existed against the store property; it had to be satisfied by monthly payments of $144. The last year Mr. and Mrs. Roberts operated the store together, a net profit of $2700 was realized. In 1968, the third year she alone operated the business, a net profit of $636 was produced. She made the mortgage payments, paid the taxes and insurance premiums, and by her efforts kept the volume of gross sales up to within 90 per cent of what they were when appellant left the state.

In April 1966, appellee instituted an action for divorce. Service on appellant was by Warning Order (constructive service). No personal judgment for alimony was possible. Her attorney took proof by deposition. In September 1968, appellant returned for a visit to Shelby County and was served with summons. In May 1969, Mr. Roberts completed his pleadings. He insisted that the prior evidence given in the depositions be repeated. After the evidence, all taken by deposition, was completed the action was submitted in July 1969 and decided in December 1969. During this entire period she has operated the store. Furthermore, she has conserved the property and maintained the intrinsic value of the store as a going concern. Through her sole efforts, the principal balance due on the mortgage has been reduced from $11,000 to $6,900.

The trial judge awarded alimony in a lump-sum amount of $10,000. The trial court awarded the appellant's one-half interest in the inventory of goods in the store and his one-half interest in the store's fixtures to appellee. It was also adjudged that appellant reimburse appellee for one-half of the mortgage payments, the taxes, and the insurance premiums. Appellee was awarded a lien against appellant's interest in the store property to secure payment of the amounts adjudged.

We will not engage in a post audit of the financial condition of the parties. We have reviewed the evidence. If one regards the money value of the appellant's interest in the store fixtures and inventory as alimony, appellee was awarded about $15,000 as permanent alimony. After division of the jointly-owned property, the wife's estate amounted to about $21,500. (The store property was valued by the trial judge at $35,000). The trial judge based upon substantial evidence found appellant's estate at this point to be about $31,238. For purposes of allowance of alimony, it should be noted that appellant received an inheritance of approximately $5,750 from the estate of his mother which increases his net worth to about $37,000.

Both appellant and appellee are in their early fifties. She is in fair health. Due to an eye condition he is not employable except in his Florida store. Appellee has insufficient estate and was awarded the divorce. The evidence demonstrates that appellee has no substantial future prospects. The responsibility of the child rests upon her. Appellant chose a new life and successfully pursued it. We cannot say that the trial judge abused his discretion in the award of alimony upon an impartial consideration of the relevant factors and consequences. The parties concede that the trial judge transposed figures when specifying the amounts appellee paid on the loan and for taxes and insurance. The judgment should be corrected to reflect the accurate amounts.

Appellant asserts that the $1250 fee awarded appellee's attorney is excessive. We do not find it so. While we recognize that trial judges must be especially vigilant to scrutinize the amount of attorney fees awarded against unsuccessful litigants, this record illustrates a situation of five years of uncertainty during which legal advice was vital. The repetition of evidence was at the insistence of appellant. The action was sharply contested on the issue of money. The complication of appellant's absence and failure to provide support while appellee operated the business was a special circumstance that required legal guidance and explanation in the evidence. We do not find the fee excessive.

As modified, the judgment is affirmed.

All concur.